UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. |
| | ) |
| ESTATE OF WALTER A. VETTER, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR FORECLOSURE

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Evan J. Roth, Assistant United States Attorney, and for its cause of action alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C., Section 1345.

2. That Walter A. Vetter and Helen C. Vetter executed a promissory note and mortgage under the U.S. Department of Housing and Urban Development's Homes Equity Conversion loan mortgage program ("HECM") set forth in 12 U.S.C. § 1715 et seq., and regulated by 24 CFR Part 206, et seq. and all subsequent handbooks (4330.1 REV-5), mortgagee letters, etc. as set forth by the Secretary of the U.S. Department of Housing and Urban Development ("HUD"). The purpose of the program is set forth in 24 CFR § 206.1, and as set out in section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246, 12 U.S.C. 1715z-20; being further regulated by handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by HUD.

3. That on September 15, 1995, Walter A. Vetter and Helen C. Vetter executed a Promissory Note to Merrill Merchants Bank for interest and amounts to be advanced up to One

Hundred Fifteen Thousand Seven Hundred Ninety-Five and 50/100 ($115,795.50).  To secure the repayment of said indebtedness, on that same date, Walter A. Vetter and Helen C. Vetter, duly executed, acknowledged, and delivered to the Government a certain Adjustable Rate Home Equity Conversion Mortgage recorded in Piscataquis County Registry of Deeds in Book 1002, Page 240.  See attached Adjustable Rate Note as Exhibit 1 and Adjustable Rate Home Equity Conversion Mortgage as Exhibit 2.

4. That the Adjustable Rate Home Equity conversion Mortgage does hereby mortgage, grant and convey to the Lender the following:

> A certain lot or parcel of land, together with the buildings thereon, situated in Sangerville, in the County of Piscataquis and State of Maine, bounded and described as follows:
>
> Beginning at a cement post at the northeast corner of land now or formerly of Forrest S. Smith on the westerly shore of Center Pond; thence westerly along the north line of said Smith land and a continuation thereof to a post, being a distance of two hundred (200) feet; thence northerly four (4) rods to the southwest corner of land now or formerly of Elmer Small; thence easterly along the south line of said Small land two hundred (200) feet to the westerly shore of said Center Pond; thence southerly along the shore of said pond four (4) rods to the point of beginning, together with a right of way over land now or formerly of Cora E. Hall to the aforesaid premises as described in deed from Cora E. Hall to Gordon G. Newell dated July 24, 1951, and recorded in Piscataquis County Registry of Deeds in Vol. 304, Page 392.

5. An Assignment of Residential Mortgage assigned the mortgage from Merrill Merchants Bank to Wendover Funding, Inc., dated September 20, 1995 and recorded in the Piscataquis County Registry of Deeds in Book 1002, Page 248.  See attached Assignment as Exhibit 3.

6. An Assignment of Mortgage or Deed of Trust assigned the mortgage from Wendover Financial Services to Lehman Capital of Lehman Brothers Holdings, Inc., dated July

16, 2001 and recorded in the Piscataquis County Registry of Deeds in Book 1330, Page 097.  See attached Assignment as Exhibit 4.

7. An Assignment of Mortgage or Deed of Trust assigned the mortgage from Financial Freedom Senior Funding Corporation, acting as Attorney-in-Fact for Lehman Capital to Financial Freedom Senior Funding Corporation, dated August 5, 2004 and recorded in the Piscataquis County Registry of Deeds in Book 1599, Page 24.  See attached Assignment as Exhibit 5.

8. A Corporate Assignment of Mortgage assigned the mortgage from Financial Freedom Senior Funding Corporation to the Secretary of Housing and Urban Development Washington, D.C. dated April 25, 2006 and recorded in the Piscataquis County Registry of Deeds in Book 1742, Page 117.  See attached Assignment as Exhibit 6.

9. A Certificate of Discharge of Inheritance Tax Lien involving the Estate of Walter A. Vetter is dated December 4, 2008 recorded in the Piscataquis County Registry of Deeds in Book 1959, Page 10.  See attached Certificate as Exhibit 7.

10. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full upon the death of the borrower.

11. That as of January 14, 1997, Helen C. Vetter is deceased.  See attached Record of Death as Exhibit 8.

12. That as of May 2, 2008, Walter A. Vetter is deceased.  See attached Certificate of Death as Exhibit 9.

13.     Under the terms of the note and mortgage this is a material default.  As such, Walter A. Vetter has defaulted on the note and mortgage.  Therefore, Plaintiff is entitled to judgment for the amount due and owing on the note and mortgage, set forth as follows:

| | |
|---|---|
| Principal | $ 45,806.14 |
| Accrued interest as of 1/17/13 | $ 54,297.24 |
| Service Charge | $  6,240.00 |
| MIP | $  7,558.26 |
| Total amount due as of 12/31/11 | $ 113,901.64 |

plus accruing interest on the principal at the rate of $8.53 per diem from January 17, 2013 to the date of judgment.

14.     Plaintiff is entitled to foreclosure of its first mortgage lien and sale of the mortgaged premises.

15.     That on information and belief, Plaintiff may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, and maintenance in order that it may protect and preserve its security, but the nature and amount thereof is unknown to Plaintiff at this time.  Nevertheless, Plaintiff seeks recovery thereof and therefor, together with interest thereon.

16.     That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Note and Real Estate Mortgage and that all conditions precedent to the bringing of the action have been performed or have occurred.  The Plaintiff has complied with the requirements of 24 CFR , Section 206.1.

WHEREFORE, the Plaintiff demands judgment as follows:

(a) That the Defendant, subsequent to the filing of a copy of the Complaint instituting this action in the Office of the Piscataquis County Registry of Deeds, in which said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or

subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

(b)  That said premises may be decreed to be sold pursuant to 28 U.S.C., Section 2001;

(c)  That the amount due to the Plaintiff on its Promissory Note and Real Estate Mortgage may be adjudged;

(d)  That the monies arising from this sale may be brought to Court;

(e)  That the Plaintiff may be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount so such money properly applicable thereto will pay the same;

(f)  That the Defendant deliver possession of property to the Plaintiff at the end of the redemption period; and

(g)  That the Plaintiff may have such other and further relief in the premises as shall be just and equitable.

Dated at Portland, Maine, this 29th day of January, 2013.

> UNITED STATES OF AMERICA
> THOMAS E. DELAHANTY II
> UNITED STATES ATTORNEY
>
> By: /s/ Evan J. Roth
> Evan J. Roth
> Assistant U.S. Attorney
> 100 Middle Street
> East Tower, 6th Floor
> Portland, ME 04101
> 207-771-3245
> Evan.roth@usdoj.gov